THE PEOPLE *ex rel.* THE DETROIT FIRE AND MARINE INSURANCE COMPANY *vs.* THE CIRCUIT JUDGE FOR THE COUNTY OF SAGINAW.

In construing the statute which provides that suits may be brought against corporations in the same manner as against individuals, and that process may be served on the presiding officer, the cashier, the secretary or the treasurer thereof; or if there be no such officer. or none can be found, such service may be made on such other officer or member of such corporation, or in such other manner as the court in which the suit is brought may direct, *Held*, That substituted service can only be made in that county where the corporation is required or expected to have those persons present who have the immediate supervision of its general office business, and where some one may fairly be supposable to be ready at all times to respond for it.

Mandamus.

Opinion by CAMPBELL, C. J —The Circuit Judge, upon affidavit of W. S. Tenant, attorney for John Dietrich, that the relator had no presiding officer, cashier, secretary or treasurer within the limits of that county, directed service of process to be made upon one Edward P. Allen, an agent of the company in that county.— Application is made for a mandamus to compel the order to be vacated. The relator is a Michigan company, having its business in Detroit, where the officers reside.

The power in controversy is claimed to result from section 4835 of the *Compiled Laws*, which provides that suits may be brought against corporations in the same manner as against individuals, and that process may be served on the presiding officer, the cashier, the secretary or the treasurer thereof; or, if there be no such officer, or none can be found, such service may be made on such other officer or member of such corporation or in such other manner as the court in which the suit is brought may direct.

The point to be decided was, whether a corporation could be sued in any county whatever, and substituted service be had against it

if its officers were not found there; or, whether such substituted service is only lawful where the officers are not to be found in the county where the corporation is in law located. Whether service may lawfully be made elsewhere on one of the officers, is a question not before the Court.

*Held,* That the substituted service can only be made in that county where the corporation is required or expected to have those persons present who have the immediate supervision of its general office business, and where some one may fairly be supposable to be ready at all times to respond for it. The principle is well settled that the residence of the corporation is where its chief business office is, and our statutes regarding the commencement of suit recognize the practice of serving process in the county in which at least one of the parties resides. Legitimate service could doubtless have been obtained in the county of Wayne, and the litigation could have been disposed of there.

Mandamus granted vacating the order of the Circuit Judge with costs against the plaintiff.